IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TAVITA FARANI, TYLER BUNTING and
MICHAEL LOCKE                                                                                    PLAINTIFFS

V.                                                                       CIVIL ACTION NO. 3:16-cv-227 HTW-LRA

LESLIE FILE and PRIME TIME HEALTHCARE, LLC                               DEFENDANTS

**OPINION AND ORDER**

Before the Court are the Defendants' *Motion to Dismiss or, Alternatively, Motion to Transfer Venue* **[docket no. 7]** and *AMENDED Motion to Dismiss or, Alternatively, Motion to Transfer Venue* **[docket no. 19].** The Defendants herein are Leslie File and Prime Time Healthcare, LLC.  The Plaintiffs, Tavita Farani, Tyler Bunting and Michael Locke, oppose the motions.

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of a vehicular collision that occurred on or about July 23, 2014, on an interstate highway in Williams County, North Dakota.  The drivers and passengers of the respective vehicles are residents of the states of Idaho, Utah and Mississippi.  Plaintiffs Tavita Farani (hereafter "Farani") and Tyler Bunting (hereafter "Bunting") are residents of Utah.  Plaintiff Michael Locke (hereafter "Locke") resides in Idaho. [Amended Complaint docket no. 11].  The vehicle which impacted with the plaintiffs' vehicle was being driven by Leslie File (hereafter "File"), a resident of Florence, Mississippi.  The City of Florence is located within the Southern District, Northern Division, of the United States District Courts for Mississippi.

At the time of the collision, File was working as a travelling nurse for Prime Time Healthcare LLC (hereafter "Prime Time").  Prime Time, the only other defendant in this case, is a Nebraska corporation[1] with its principal place of business in Omaha Nebraska.  Prime Time contends it "did not do business in Mississippi until after it registered with the Mississippi Secretary of State on March 31, 2016, after the occurrence of the accident.  [Defendants' Memorandum Brief docket no.20 at p. 2].

Plaintiffs filed their *Complaint with Jury Demand*, in the Southern District of Mississippi, on March 30, 2016. [docket no.1], one day before Prime Time registered to do business in Mississippi; but plaintiffs filed their amended complaint [doc. no. 11] on June 6, 2016, two months after Prime Time began doing business in the State of Mississippi.

On the date their answer would have been due, Defendants filed a *Motion to Dismiss or, Alternatively, Motion to Transfer Venue.* [docket no. 7].  By that motion, the Defendants seek a dismissal of this case under Rule 12(b) of the Federal Rules of Civil Procedure, reasoning therein that this Court lacks personal jurisdiction over Prime Time or on the basis of the *forum non conveniens* doctrine.   Alternatively, the Defendants seek transfer of this suit to the United States District Court for the District of North Dakota, where the accident occurred.

Plaintiffs filed an ***Amended*** *Complaint* against all Defendants on June 6, 2016 [docket no. 11], whereupon, the Defendants, on July 21, 2016, filed an ***Amended and Supplemental Motion to Dismiss or Alternatively, Motion to Transfer Venue*** [docket no. 19].  This Court now considers Defendants' amended and supplemental motion.

---

[1] According to records of the Mississippi Secretary of State, Prime Time LLC is incorporated in the state of Nebraska and has its principal place of business in Omaha, Nebraska.  The Court may take judicial notice of public records. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). *Jack v. Dollar Gen. Corp.,* 2015 WL 5432783 (S.D. Miss. Sept. 15, 2015).

**LAW AND ANALYSIS**

Plaintiffs invoke the jurisdiction of this court pursuant to Title 28 U.S.C. Section 1332. Plaintiffs allege that complete diversity of citizenship exists between the plaintiffs and defendants and that the amount in controversy exceeds $75,000,[2] exclusive of costs and interest. This court agrees. Complete diversity of citizenship here exists, since none of the plaintiffs resides in the same state as any of the defendants. [3] Additionally, the amount in controversy is stated on the face of the amended complaint to be in excess of $75,000, and this is not disputed by the defendant. This court concludes that the requirements of federal subject matter jurisdiction based on §1332 diversity of citizenship are met.

A.
MOTION TO DISMISS

The defendants submit two main arguments for dismissal. First, defendants allege that this court does not have personal jurisdiction over the defendant, Prime Time, and thus, this case should be dismissed in accordance with Rule 12(b) of the Federal Rules of Civil Procedure.[4]

---

[2] 28 U.S.C. § 1332 states:
(a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
       (1)    Citizens of different States; …

[3] "If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp. v. Ins. Co. of f. Am.*, 841 F.2d 1254, 1258 (5th Cir.1988) (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. Unit A Dec.1981)). (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)).

[4] Rule 12(b) of the Federal Rules of Civil Procedure provides in pertinent part:
(b) How to Present Defenses.  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
       (1) lack of subject matter jurisdiction;
       (2) lack of personal jurisdiction;
       (3) improper venue;
       (4) insufficient process;
       (5) insufficient service of process'
       (6) failure to join a party under Rule 19
       …

3

Defendants rely on Federal Rules of Civil Procedure section 12(b)(2) lack of personal jurisdiction.  Secondly, Defendants argue that the case should be dismissed based on the doctrine of *forum non conveniens*.  This court begins with its analysis of the second issue.

### 1. Forum Non Conveniens

Defendants' contention that this case should be dismissed based on *forum non conveniens* does not merit much discussion.  "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).[5]  If it does, venue is proper; if it does not, venue is improper.  A case filed in a district that falls within § 1391 may not be dismissed under Rule 12(b)(3).  *Atlantic Marine Construction Company, Inc., v. United States District Court for the Western District of Texas,* 134 S.Ct. 568, 187 L.Ed.2d 487 (2013).  The case *sub judice,* is filed in accordance with 1391(b)(1) and (3), which provide that a civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located, or any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391 (b).  This Court declines to dismiss this lawsuit based on *forum non conveniens.*  Mississippi is clearly a proper venue under § 1391.

Should the court agree with defendants that Mississippi is not an appropriate forum based on the convenience of the parties and witnesses, and in the interest of justice, the proper course would be to transfer this case to another district having jurisdiction in accordance with 28

---

[5] 28 U.S.C. § 1391(b) provides as follows:
(b) **Venue in general**. – A civil action may be brought in –
    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

U.S.C. § 1404(a). [6]  As this Court stated in *Bastoe v. Sterling Drug,* Inc. 683 F. Supp. 586 (S.D. Miss. 1988), "[i]f the motion seeks a change of forum within the federal system, 28 U.S.C. § 1404(a) applies instead of the common law doctrine of *forum non conveniens. Id.* at 586 (*quoting In Re Air Crash Disaster Near New Orleans*, *LA*, 821 F. 2d 1147, 1159 (5th Cir. 1987)).  The *Bastoe* court went on to say, "[c]learly, this action cannot be dismissed on *forum non conveniens* grounds and because a Motion to Transfer under Section 1404(a) has not been presented, this Court will refrain from deciding whether such a transfer would be appropriate." *Bastoe* at 588.

Dismissal of this cause is not appropriate based on *forum non conveniens.*  Before deciding whether this case should be transferred to North Dakota, this court must determine whether Prime Time is amenable to the in *personam* jurisdiction of this Court

## 2. Prime Time and Rule 12(b)(2) Motion to Dismiss

Defendants, Prime Time and Leslie File, by their motion, contend that this court does not have personal jurisdiction over Prime Time, since the company did not register with Mississippi's Secretary of State until after the Plaintiff commenced this lawsuit.  Prime Time registered to do business in Mississippi only one day after the initial complaint was filed in these proceedings.  Prime Time acknowledges that as of that date, it had at least one employee assigned to work within the State of Mississippi.  This defendant insists, nonetheless, that since it was not actively conducting business in Mississippi on the day Plaintiff's complaint was filed, it can only be subject to this State's jurisdiction if Mississippi's Long-Arm Statute[7] reaches out to

---

[6] 28 U.S.C. § 1404 provides:
Change of Venue
  (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.
    …

[7] Miss. Code Ann. § 13-3-57 states in pertinent part:

5

create jurisdiction. Mississippi's laws apply to decide this issue. Based on the longstanding *Erie* doctrine, when a federal court sits in diversity jurisdiction, the substantive law of the state applies. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).

Plaintiffs argue that, although Prime Time was not registered to do business in Mississippi on the date the initial complaint was filed, Prime Time was registered to do business in Mississippi (and acknowledges that it was doing so), at the time the amended complaint was filed. The relevant time for determining jurisdiction is the filing of the complaint. *Mollan v. Torrance,* 22 U.S. 537, 539, 6 L. Ed. 154 (1824); *See also, Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (quoting *Mollan v. Torrance,* 9 Wheat. 537, 539, 6 L.Ed. 154 (1824) and *Davenport v. HansaWorld USA, Inc.,* 23 F. Supp. 3d 679, 702 (S.D. Miss. 2014).

An amended complaint is normally treated as completely replacing the former pleading. *Cicchettis v. Lucey,* 514 F.2d 362 (1st Cit. 1975)*; Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956), *cert. denied sub nom. Treasure Co. v. Bullen*, 353 U.S. 947, 77 S.Ct. 825, 1 L.Ed.2d 856 (1957). It is well-settled that an amended complaint "supercedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Canal Ins. Co. v. Coleman,* 625 F.3d 244, 246 n. 2 (5th Cir.2010) (citing *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994)); *Ross v. Hutchins Police Dept.,* No. 3:09–CV–0168–M, 2009 WL 1514364 (N.D.Tex. May 29, 2009).

---

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure. …

The amended complaint does not refer to, incorporate or adopt the initial complaint; thus the amended complaint is the document that establishes the parameters of this lawsuit, and the date that the amended complaint was filed is controlling for purposes of *in personam* jurisdiction.  Plaintiffs note, in their memorandum brief opposing the motions under consideration, [doc. no. 21], that they served Prime Time with the amended complaint in Mississippi, through its registered agent, without relying on Mississippi's Long-Arm Statute.  As stated therein, there is no reason to satisfy the Long-Arm Statute when a foreign corporation's registered agent is served in Mississippi.  *Read v. Sonat Offshore Dirilling, Inc.,* 515 So.2d 1229 (Miss. 1987).

*In personam* jurisdiction turns initially on the well-pleaded allegations of the complaint. *Petters v. Petters,* 560 So.2d 722, 727 (Miss.1990); *Mandel v. James Graham Brown Foundation, Inc.,* 375 So.2d 1017, 1019 (Miss.1979).  Plaintiffs state in their amended complaint that Prime Time "conducts business" and is registered with the secretary of state to do business in Mississippi, and that upon information and belief, Prime Time employs residents of Mississippi, including File.  [Amended Complaint doc. no. 11 at p. 2].  Additionally, plaintiffs assert that File was in the course and scope of her employment with Prime Time when she caused injury to plaintiffs. [doc. no. 11 at p. 2].

Plaintiffs contend, therefore, that it is not necessary to apply Mississippi's Long-Arm Statute to obtain personal jurisdiction over this defendant.  *Estate of Jones v. Phillips ex re. Phillips*, 992 So. 2d 1131,1138 n.4 (Miss. 2008).

This Court is satisfied that Prime Time was doing business in the State of Mississippi at the time the suit was commenced and, consequently, this defendant is a resident corporation for purposes of this litigation.  It is not necessary to rely upon the Long-Arm Statute. Once a non-

resident business registers with the Mississippi Secretary of State, it is treated like a resident corporation for purposes of due process. *See Crawford v. Glenns, Inc.,* 637 F. Supp. 107, 108 (N.D. Miss. 1986).

Yet, if an analysis under the Long-Arm Statute were required, this Court would find that Prime Time would still be amenable to this Court's jurisdiction pursuant to its provisions. That analysis follows. Mississippi's Long-Arm Statute has three prongs. A non-resident defendant is deemed to be doing business in Mississippi and subject to the jurisdiction of its Courts if it: a) commits a tort in whole or in part in this State; b) makes a contract to be performed in whole or in part in this State, or c) does any business or performs any character of work or service in this state. The three prongs of the Long-Arm Statute are commonly referred to as the contract prong, the tort prong, and the doing-business prong." *ITL Int'l Inc. v. Constenla, S.A.,* 669 F.3d 493, 497 (5th Cir.2012).

This Court determines that the doing business prong and the contract prong are met by Prime Time. Plaintiffs assert in the complaint that Prime Time has employees, including defendant Files working in Mississippi. Prime Time, itself, admits that it had one employee for a period of time working in this State. The plaintiff need only make out a prima facie case to meet his burden of establishing personal jurisdiction. *See Luv n' Care Ltd. v. InstaMix, Inc.,* 483 F.3d 465, 469 (5th Cir. 20060 (citing *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir. 1982)). Also, this court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction. *Id.* at *469.* Prime Time also provided a policy of insurance that covered this accident. [doc. no. 7-2]. Seemingly, this policy of insurance would have covered its employee's vehicle whether the accident had occurred in North Dakota or in Mississippi. The full extent of the interaction with persons and property in Mississippi is not

8

fully known this early in the litigation, but the court is persuaded that what is known is sufficient to invoke personal jurisdiction of this Court.

The inquiry does not stop there, though. The exercise of personal jurisdiction must comport with the requirements of federal due process, as well. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 869 (5th Cir. 2000) (*as cited in Davenport v. Hansaworld USA,* No. 2:12-cv-233, 2013 WL 5406900. Due process requires that the defendant have certain minimum contacts with the forum state, "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945).

Minimum contacts may be established by just a single act, by which the non-resident defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Ruston Gas Turbines, Inc., v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993). At the heart of the matter is whether the defendant's conduct showed that it reasonably anticipated being brought into court in the forum state. *Vanderbilt Mortgage & Fin., Inc. v. Flores*, 692 F. 3d 358, 375 (5th Cir. 2012) (*citing McFadin v. Gerber,* 587 F. 3d 753, 759 (5th Cir. 2009)). This court concludes that it did.

Once the plaintiff has established a prima facie case that the defendant has sufficient minimum contacts with Mississippi, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Luv n' Care Ltd.,* 438 F.3d at 473. Prime Time has not met that burden. This Court's exercise of jurisdiction over Prime Time is permissible; Prime Time actively conducted business in Mississippi and, in addition, the Long-Arm Statute applies.

B.
MOTION TO TRANSFER VENUE

This question—whether venue is "wrong" or "improper"—is generally governed by 28 U.S.C. § 1391. That provision states that "[e]xcept as otherwise provided by *law* ... this section

*shall* govern the venue of all civil actions brought in district courts of the United States." It further provides that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendant File makes her home in Mississippi and is, thus, domiciled in this State. Prime Time, as discussed previously in this opinion, is amenable to the personal jurisdiction of the Courts of Mississippi. Consequently, that company is also a resident of Mississippi for purposes of venue, as defined in subsection (c)(2) of §1391. Subsection (c) defines residency thusly:

> (c) **Residency.** –For all venue purposes—
>    (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;
>    (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business;

28 U.S.C. §1391 (c)

Subsection (c) (2) defines residency for corporate and business entities that are defendants in an action. Prime Time fits squarely within the definition contained therein. Mississippi then, is clearly an appropriate venue. Defendants argue though, that it is an inconvenient venue and that the case should be transferred to the federal district court which was the situs of the vehicular accident.

The burden is on the party seeking the transfer to establish by a preponderance of the evidence that the transfer should be made. *Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989), *cert. denied sub nom, Dow Chem. Co. v. Greenhill,* 493 U.S. 935; *Medical Assur. Co. of Miss. v. Jackson,* 864 F.Supp. 576, 580 (S.D.Miss.1994). In determining whether to transfer venue in a particular case, the court must exercise its discretion in light of the particular circumstances of the parties and the circumstances of the case. *Pierce v. Alleluia Cushion Co.,* 397 F.Supp. 338 (N.D.Miss.1975); *see Caldwell v. Palmetto State Sav. Bank,* 811 F.2d 916, 919 (5th Cir.1987). *Wells v. Greyhound Lines, Inc.,* No. CIV.A.1:02CV130GR, 2002 WL 1610902, at *3 (S.D. Miss. June 25, 2002).

Transfer of venue is governed by 28 U.S.C. § 1404.  Federal district courts have broad discretion in determining whether to transfer venue pursuant to §1404(a). *In re Volkswagen of Am., Inc.,* 545 F. d 304 ,311 (5th Cir. 2008).  The court looks to see whether good cause is shown for the transfer. *Id.* at 315. The movant must show "that the transferee venue is clearly more convenient than the plaintiff's choice of forum." *Id.* As stated in *in re Volkswagen,* the Fifth Circuit has adopted the factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 667 S. Ct. 839, 91 L. Ed. 1055 (1947) to determine this issue. *Id.* at 315.

*Gulf Oil* sets out private and public interest factors to be weighed.  The private interest factors are: "1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors are: "1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict

Case 3:16-cv-00227-HTW-LRA   Document 26   Filed 03/29/17   Page 12 of 13

of laws [or in the application of foreign law]." *Id*. No one factor is dispositive and these factors are not necessarily exhaustive. *Id.*

The private interest factors do not weigh in favor of transferring venue. Most of the witnesses reside outside the state of North Dakota. The witnesses are scattered over seven states, as listed below:

1. **North Dakota**. The police officers and emergency room personnel
2. **Mississippi**. Defendant File, the driver
3. **Idaho**. One plaintiff and his primary medical providers
4. **Utah.** Two plaintiffs, their key medical providers, and a passenger/witness.
5. **Nebraska.** Defendant Prime Time
6. **Montana**. A passenger/witness
7. **Kentucky.** Another passenger/witness

[Amended Complaint doc. no. 11].

Although the persons who responded to the vehicular accident and provided initial medical treatment may reside in North Dakota, Plaintiffs received most of their medical treatment and all of their ongoing treatment in Utah or Idaho; hence most of the medical witnesses are located in states other than Mississippi or North Dakota. Of the states where jurisdiction and venue are proper, there is no forum that is any more convenient than that of the Southern District of Mississippi. Furthermore, defendant File, a Mississippi resident, would be hard pressed to convince the court that Mississippi is a more inconvenient forum for her than North Dakota.

The public interest factors do not provide much assistance. This Court is without sufficient information at this point to evaluate the relative administrative issues and court congestion. Since none of the parties resides in North Dakota, the localized interest factor would

12

weigh slightly in favor of Mississippi, where at least one defendant resides. The conflict of laws issue might weigh slightly in favor of North Dakota, but this Court is capable of applying North Dakota law with respect to this lawsuit. These factors do not persuade this Court to grant transfer of this case. Plaintiffs chose Mississippi as the forum to bring their lawsuit and deference should be accorded that choice. "[U]nless the balance is strongly in favor of the defendant; the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508 (1947).*

CONCLUSION

For all of the reasons stated, this Court declines to dismiss this lawsuit and declines to dismiss any of defendants from this litigation. This Court additionally denies the defendants' request for transfer of this case to a different venue. Therefore, accordingly, defendants' *Motion to Dismiss or, Alternatively, Motion to Transfer Venue* **[docket no. 7]** is **denied,** and defendants' *AMENDED Motion to Dismiss or, Alternatively, Motion to Transfer Venue* **[docket no. 19]** is **denied.** Counsel for the parties are instructed to contact Magistrate Judge Linda R. Anderson of the Southern District Court of Mississippi within ten days from the date of this order for scheduling in this matter.

SO ORDERED AND ADJUDGED, this the 29th day of March, 2017.

        s/ HENRY T. WINGATE      
UNITED STATES DISTRICT COURT JUDGE