# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TAVITA FARANI, TYLER BUNTING and**
**MICHAEL LOCKE**                                                                                  **PLAINTIFFS**

**V.**                                                        **CIVIL ACTION NO. 3:16-cv-227 HTW-LRA**

**LESLIE FILE and PRIME TIME HEALTHCARE, LLC**                              **DEFENDANTS**

<u>**ORDER DENYING SUMMARY JUDGMENT**</u>

Before the Court is the Motion of the Defendant Prime Time Healthcare, LLC, for

Summary Judgment in its favor. **[docket no. 114].**    The Plaintiffs, Tavita Farani, Tyler Bunting

and Michael Locke, oppose the motion.

## BACKGROUND

This case arises out of a vehicular accident that occurred on or about July 23, 2014, on an

interstate highway in Williams County, North Dakota.  The vehicle which collided with the

Plaintiffs' vehicle was being driven by Leslie File (hereafter "File"), a resident of Florence,

Mississippi, located within the Southern District, Northern Division, of the United States District

Courts for Mississippi.

At the time of the collision, File was working as a travelling nurse for Prime Time

Healthcare LLC (hereafter "Prime Time").   Plaintiffs filed their *Complaint with Jury Demand*,

in the Southern District of Mississippi, on March 30, 2016, against File and Prime Time,

invoking this court's authority based on diversity of citizenship pursuant to Title 28 U.S.C. §

1332.

Complete diversity of citizenship here exists, since none of the plaintiffs resides in the same state as any of the defendants. Additionally, the amount in controversy is stated on the face of the amended complaint to be in excess of $75,000, and this is not disputed by the Defendant. This court concludes that the requirements of federal subject matter jurisdiction based on §1332 diversity of citizenship are met.

Prime Time, has filed this motion for summary judgment contending that File, though an employee of Prime Time, was not acting within the course and scope of her employment with Prime Time at the time of the accident. Therefore, Prime Time submits, the doctrine of *respondeat superior* does not apply and Prime Time is not liable for File's alleged negligence. Prime Time contends it is entitled to judgment as a matter of law on all of the Plaintiff's claims. [1]

File, a resident of Mississippi, was a travelling nurse employed by Prime Time. She travelled to various duty assignments for relatively short periods of time to work at medical facilities as assigned by Prime Time. She contracted to work at Eastern Montana Veteran's Home in Glendive, Montana from June 15, 2014 to August 20, 2014. File was working as a nurse at a Veterans Home facility in Glendive, Montana at the behest of her employer at the time of the accident. File was provided a rental car by her employer. The terms of the arrangement are in dispute, however. File was also provided with living quarters during her stay in Montana and a per diem paid weekly.

The accident occurred in the early morning hours on a Wednesday, July 23, when, according to Prime Time, File was driving back to Glendive, Montana after visiting friends in North Dakota. Plaintiffs dispute this, but offer no proof to the contrary. Prime Time states that

---

[1] The Plaintiffs originally alleged that Prime Time was guilty of negligent hiring, training, retention and supervision of File, but have since withdrawn that claim.

File was off work and not on the clock for Prime Time on the two days prior to Wednesday July 23, the date of the accident.

The accident at issue occurred in North Dakota. File is a Mississippi resident. Prime Time is a Nebraska resident. The Plaintiffs are residents of Utah and Idaho. To the extent there is any conflict in the negligence and vicarious liability laws of North Dakota, Mississippi, and Nebraska, "[a] federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state when a conflict of law exists." *Hagan v. Mazda Motor Co. of Am., Inc.*, 690 F. App'x 242, 243-44 (5th Cir. 2017).

## DISCUSSION

Mississippi state courts use the "most significant relationship test" to determine which law to apply. *See Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 622 (5th Cir. 2014).. Thus, Mississippi courts would apply North Dakota law to the Plaintiffs' claims against Prime Time.

Under North Dakota law, as well as that of Mississippi, a party is entitled to summary judgment only if it can show that no genuine issue of material fact exists. *Benson v. Northwest Airlines, Inc.* 62 F.3d 1108, 1111 (8th Cir. 1995). In making its determination the court views the facts in the light most favorable to the non-moving party. *Id.* In accordance with the Federal Rules of Civil Procedure, a court must grant summary judgment when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P.56(a).

This court declines to grant Prime Time's motion for summary judgment, finding that there are genuine issues of material fact to be resolved. First of all, the contract between Prime Time and File is silent on the definition of "course and scope of employment;" thus, this court is asked to resolve this question from the facts, facts which are largely unsettled, to wit:

1) Whether Defendant File was being paid for the days she travelled to North Dakota and back, including the day of the accident?

2) Whether File was required or expected to travel great distances while on assignment to live and work in Glendive, Montana?

3) Given that the area was very rural and amenities may have been far away, whether travelling long distances while assigned to Glendive, Montana was reasonably to be expected by Prime Time?

4) Whether furnishing a rental car was tantamount to an implicit agreement that File could use the vehicle and travel wherever with her employer's permission. And, further whether the rental car amounted to payment to File for working each day while at the Glendive assignment?

5) Whether furnishing living quarters for File amounted to payment to File for working each day for Primne Time while at the Glendive assignment?

6) Was travelling for social purposes a normal part of File's routine, and had she done this previously?

7) Whether the employer was aware of any previous travel for social reasons and was there implicit or explicit permission?

8) Did the "per diem" payment File received each week constitute payment for each day that she was on the Glendive, Montana assignment, thus bringing her within the scope of her employment for Prime Time for every day that she was there?

9) Was travel in the vicinity of Glendive within the course and scope of File's employment?

10) Was File's travel back to Montana from North Dakota serve a purely personal purpose, a purely work related purpose or a dual purpose?

11) Was File being paid for her days that she was not "on the clock" for the Veterans' facility to which she was assigned?

12) Was travel to a distance of 225 miles away beyond the travel that might be reasonably expected to accompany her assignment to Glendive, Montana?

13) Was Prime Time paying File's travel expenses from Minot, North Dakota to Glendive, Montana at the time of the accident?

14) Was Files' travel from North Dakota back to Montana so closely connected with her employment, and so fairly and reasonably incidental to it, that it may be regarded as a method of carrying out the objectives of the employment?

15) Did Prime Time have reason to expect that such an act as the trip made by File, would be done ?

16) Given that File is required to be present for work at locations distant from her home, is she required to travel to various locations to obtain meals, to travel back and forth to her lodgings, and to engage in other activities?

17) Did this trip by File occur substantially within the limits of time and space as authorized by her employer?

18) Did Prime Time have employment contracts with other nurses whose terms would shed light on Prime Time's business dealing in this matter?

Viewing the facts in the light most favorable to Prime Time, this court is unable to conclude, as a matter of law, that File was not within the course and scope of her employment at

the time of the accident in question. Many material facts remain in dispute, facts which must be resolved by a trier of fact.

CONCLUSION

For all of the reasons stated, this Court declines to grant the Motion for Summary Judgment **[doc. no. 114]** requested by Prime Time and will not dismiss Prime Time from this litigation.  This court will submit a more detailed opinion , with case authorities, by Friday, June 15, 2018.  Meanwhile, this lawsuit is to proceed to trial on June 18, 2018 at 9:00 a.m.

SO ORDERED AND ADJUDGED, this the 12th  day of June, 2018.

_____s/ Henry T. Wingate_____
  UNITED STATES DISTRICT JUDGE