IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TAVITA FARANI, TYLER BUNTING
AND   MICHAEL LOCKE                                                                     PLAINTIFFS

VS.                                                                                NO. 3:16CV227HTW-LRA

LESLIE FILE AND
PRIME TIME HEALTHCARE LLC

                                                                                              DEFENDANTS

---

**PLAINTIFF TAVITA FARANI'S MEMORANDUM IN OPPOSITION TO LESLIE FILE'S MOTION FOR CONTINUANCE**

---

Plaintiff, Tavita Farani, by and through counsel, hereby submits his response to Leslie File's Motion for Continuance.   Based on conversations with counsel for Plaintiffs Tyler Bunting and Michael Lock, their clients join in this opposition.

### INTRODUCTION

As stated below, the facts and legal authorities are such that File's motion should *clearly* and *swiftly* be denied.

### FACTS

#### File's Role in the Trial

The accident happened at 2:00 a.m., on a long, straight, dark, flat highway in the plains of North Dakota.   Ms. File was driving behind a van, in the same lane.   Plaintiffs were passengers in the van.   Ms. File saw the van up ahead.   File testified that the next thing she knew, all she could see was white and she rear-ended the van.   She has no explanation for this.

1

She sustained no injuries, let alone a head injury that could cause a loss of memory. She did not see the van do anything improper. File's vehicle went off the road. The van went out of control and rolled.

The investigating highway trooper, Mathew Johnson, thoroughly investigated the crash. He located the area where the impact occurred based on the location of the debris. He saw no evidence of any braking before the point of impact. He saw swerving tire marks from the point of impact that led to the rolled van. He saw another set of marks that led to where File's vehicle went off the road. He saw that File's vehicle sustained front end damage and that the driver, front airbag deployed. He interviewed File, the driver of the van and a witness.

Trooper Johnson concluded that File rear ended the van, which caused the van to lose control and roll. He found no evidence that the driver of the van did anything improper. He found no excuse for File rear ending the van. He cited Ms. File for failing drive in a prudent and safe manner. She did not contest the citation.

Given the timing of the incident, the location of the incident, File's lack of explanation for what happened and File's lack of head injury, Trooper Johnson concluded that File fell asleep. He testified that there was no other reasonable explanation for what she did and why she has no explanation. Ms. File testified that she is not sure if she fell asleep.

Ms. File was thoroughly examined at her deposition about the accident and her employment relationship with Prime Time. Plaintiffs are unsure what she could add at trial. Plaintiffs have all agreed that Ms. File's deposition can be read if she cannot attend.

Last, even though Plaintiffs' counsel have notified File's counsel in email that they do not believe her live testimony or presence is necessary, File's motion says nothing about why

File must testify live or why she must attend the whole trial in person.

## File's Condition

Plaintiffs are sensitive and sympathetic to File's condition. Each Plaintiff has undergone serious medical treatment and surgeries as result of the accident. Like File's health condition, none of Plaintiffs' injuries were their fault.

That said, there is no evidence, claim or reason to believe that File could not attend the first three days of trial and testify. Plaintiffs have all agreed to accommodate File, so she can testify on one of the first three days before her procedure. Further, File's counsel notably did not ask File's doctor in the letter whether File could attend the first three days of trial. He only asked whether File could attend the entire trial.

The medical records provided by File's counsel do not paint a dire picture for Ms. File. Page 4 of the medical records states that the mass "is thought to represent a large goiter." Ms. File's records note that File had a goiter in the past. The Mayo Clinic states that with goiters, "cancer is far less common than benign thyroid nodules."[1]

Also, Ms. File's daughter stated on Facebook that File has a "mediastinal mass."[2] The Cleveland Clinic states that "Thyroid mass mediastinal" are "[u]sually a benign growth, such as a goiter."[3] Cedars-Sinai Medical Center states that "[t]hyroid mass mediastinal" are "a benign growth such as a goiter."[4]

---

1 https://www.mayoclinic.org/diseases-conditions/goiter/symptoms-causes/syc-20351829

2 https://www.facebook.com/kelly.allain.18

3 https://my.clevelandclinic.org/health/diseases/13792-mediastinal-tumor

4 https://www.cedars-sinai.edu/Patients/Health-Conditions/Mediastinal-Tumors.aspx

Last, from what can be gleaned from Ms. File's Facebook profile, she appears well.[5]

Here is a photo of her and her father on Saturday, June 8, 2018:



https://www.facebook.com/leslie.file/about?lst=609011549%3A1030130166%3A1528989382.

Here is a photo of Ms. File in late May, 2018:



---

5 All Facebook photos shown herein can be accessed at

https://www.facebook.com/leslie.file/about?lst=609011549%3A1030130166%3A1528989382

4

Here is a photo of Ms. File earlier in May, 2018:



Here is a photo of Ms. File at the beach or pool in April, 2018:



Plaintiffs do not question that Ms. File has at least a goiter. However, the medical information provided to date and these photos put into question whether Ms. File is unable to attend trial or do the surgery a week later.

5

## Untimeliness of File's Motion

File's affidavit states that she decided to have surgery on June 1, 2017. That was four days before the pretrial conference. Yet, she did not notify her attorney until June 7, 2018. Meanwhile, the parties continued to incur costs.

Further, while File's counsel did not learn about File's condition until June 7, 2018, he did not file a motion to continue until a week later. While he properly notified the Court and counsel of the situation right away, he did not make any formal request. As a result, the parties continued to incur additional costs.

Further, while File's counsel was trying to get more information about the condition during the week delay, he had plenty of information to make the motion on June 7, 2018 because he had access to File, who must have known something about her condition if she had agreed to surgery.

## Prejudice to Plaintiffs and the Court

Apart from attorney's fees and costs, the health insurance liens and workers compensation liens that have been asserted against Plaintiffs' recovery exceed several hundred thousand. *See* Affidavit of Eric S. Olson – Exhibit A. Ms. File's personal policy has $50,000 of insurance. Prime Time's policy has about $433,000 of insurance. There is an excess carrier who has denied coverage.

While Plaintiffs hope that the excess carrier will come to the table if its insureds are exposed to an excess verdict, that may not happen. If the excess carrier does not come to the table, Plaintiffs' net recovery will be limited. Every hundred dollars or thousand dollars that is wasted on litigation costs will substantially eat into the Plaintiffs' net recovery if the excess

carrier never comes to the table. Accordingly, Plaintiffs proposed arbitration earlier on in this case to save costs. File refused.

Plaintiffs estimate that they will lose about $22,000 in travel, expert, hotel and trial deposition costs if the case is continued. *See* Affidavit of Eric S. Olson – Exhibit A. This is almost half of Ms. File's personal auto policy limit. File's counsel has repeatedly told Plaintiffs that File does not have personal funds to pay an excess verdict.

## ARGUMENT

### I. THE COURT SHOULD DENY FILE'S MOTION TO CONTINUE

This Court should deny Defendant's eleventh-hour motion to continue. The Court has discretion to grant or deny motions for continuance. *See United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). When deciding a motion to continue, a court "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000).

The Fifth Circuit has repeatedly upheld the denial of motions for continuance made just days before trial. *See Mull v. Marathon Oil Co.*, 658 F.2d 386 (5th Cir. 1987) (upholding refusal to grant a continuance that was requested less than two weeks before trial); *U.S. v. Harrelson*, 477 F.2d 383 (5th Cir. 1973) (upholding denial of motion for continuance made three days before trial); and *U.S. v. Davis*, 655 Fed.Appx. 1017 (5th Cir. 2016) (upholding denial of motion for continuance made eleven days before trial, after considering the costs, the lateness of the request, and the demands of the court's calendar).

In fact, the 5th Circuit has upheld the denial of motions to continue in similar situations

7

to the case at hand, where a party is unavailable because of health issues. In *Cash v. Murphy*, the 5th Circuit upheld the district court's denial of a motion for continuance after the defendant became ill the day before trial. 339 F.2d 757 (5th Cir. 1964). The defendant claimed it was necessary that he testify, but failed to make a showing of what his testimony would be and why it was necessary. *Id.* Similarly, in *Harmon v. Grande Tire Co., Inc.*, appellants had moved for a continuance on the grounds that the driver of the truck which was involved in the crash that was the subject of the lawsuit, and the truck company's representative, were unavailable for trial. 821 F.2d 252 (5th Cir. 1987). The motion asserted that the driver's home had been destroyed by a fire and that he was at that time on a truck haul. *Id.* They further asserted that the truck company's representative had recently undergone open heart surgery. *Id.* Nonetheless, the district court denied the motion, and instead allowed appellants to take the representative's deposition to use at trial. *Id.* The 5th Circuit upheld this decision.

In light of the facts outlined above and these legal authorities, File's motion should be denied. It would be extremely unfair, unnecessary and prejudicial to grant her motion at this late hour.

RESPECTFULLY SUBMITTED, this 14th day of June, 2018.

**TAVITA FARANI**

/s/ Eric S. Olson
BY: **ERIC S. OLSON**
**ATTORNEY FOR PLAINTIFF**

8

**COUNSEL FOR PLAINTIFF**

Eric S. Olson (admitted pro hac vice)
eolson@egclegal.com
EISENBERG GILCHRIST & CUTT
215 S. State St., Suite 900
Salt Lake City, UT 84111
Phone: (801) 366-9100
Fax: (801) 350-0065

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2018, I caused a true and correct copy of **PLAINTIFF TAVITA FARANI'S MEMORANDUM IN OPPOSITION TO LESLIE FILE'S MOTION FOR CONTINUANCE** be served, on the following parties of record.

| | |
|---|---|
| Matthew D. Miller<br>Nicholas K. Thompson<br>Copeland, Cook, Taylor & Bush<br>110 Sheffield Loop<br>Hattisburg, MS 39402<br>*Attorneys for Prime Time Healthcare* | __X__ Court's ECF System<br>_____ E-mail<br>_____ Facsimile<br>_____ US Mail<br>_____ Hand Delivery |
| Kevin D. Swenson<br>Robert Debry & Associates<br>134 North 200 East, Suite 302<br>St. George, UT 84770<br>*Attorneys for Tyler Bunting* | __X__ Court's ECF System<br>_____ E-mail<br>_____ Facsimile<br>_____ US Mail<br>_____ Hand Delivery |
| Allen Harry Browning<br>Browning Law<br>482 Constitution Way, Suite 111<br>Idaho Falls, ID 83402<br>*Attorneys for Michael Locke* | __X__ Court's ECF System<br>_____ E-mail<br>_____ Facsimile<br>_____ US Mail<br>_____ Hand Delivery |
| Patrick M. Tatum<br>William L. Morton, III<br>Upshaw, Williams, Biggers & Beckham<br>713 South Pear Orchard, Suite 102<br>Ridgeland, MS 39158<br>*Attorneys for Leslie File* | __X__ Court's ECF System<br>_____ E-mail<br>_____ Facsimile<br>_____ US Mail<br>_____ Hand Delivery |
| Glenn F. Beckham<br>Upshaw, Williams, Biggers & Beckham<br>309 Fulton Street<br>Greenwood, MS 38935 | __X__ Court's ECF System<br>_____ E-mail<br>_____ Facsimile<br>_____ US Mail |

10

*Attorneys for Leslie File*        \_\_\_\_\_ Hand Delivery

               /s/  Eric S. Olson